## Riley's Administrators *v.* Vanhouten.

In declaring on a contract which is not sufficiently explicit in itself, and where its valid-ity depends upon intrinsic matter, either referred to or necessarily arising out of the terms of the contract, the deficiency must be supplied by proper averments in the declaration.

When contracts of doubtful import are susceptible of a legal interpretation, by which they can be enforced, such interpretation must prevail.

IN ERROR from the circuit court of Wilkinson county.

Henderson, for plaintiffs in error.

Winchester, *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The defendant in error instituted this suit in the circuit court of Wilkinson county, on a note or instrument of writing, in these words: " I promise to pay Cornelius Vanhouten four hundred and eighty dollars, it being for the public money due on a half section of land, one payment only being made; the money to be paid agreeably to the requisitions of the late law made for the benefit of former purchasers," "Samuel Riley." The declaration contains several counts, and the appropriate averments showing what law was meant, what instalments were required, and when due. To this there was a demurrer with numerous special causes assigned. The averments in the declaration being as full and explicit as the facts would justify, or the form of the instrument required, it is only necessary to determine whether the instrument, aided by the law referred to, is sufficient to sustain the action.

It is manifest that without extrinsic aid, the terms and condi-tions of the undertaking could not be understood, but it is the office of an averment to state facts which are essential to the right of action, and which could not otherwise appear in the declaration. Whenever the contract is not sufficiently explicit in itself, and its validity depends upon the existence of extrinsic matter, either re-

[Riley's Administrators *v.* Vanhouten.]

ferred to, or necessarily arising out of the terms of the contract, then the deficiency may be supplied by proper averments. In this contract there is an absolute promise to pay a certain sum of money; but it was to be paid according to the requisitions of a certain law. The law referred to became a part of the contract, so far as to regulate the time and manner of payment. The declaration points out the particular law intended, with such of its provisions as became material, and the demurrer admits the truth of all matter well pleaded. On examining the law, it appears that the debtors for public land were divided into three classes, the first class to include those who had paid one-fourth of the purchase money. As to them, the residue was required to be paid in eight annual instalments, commencing the 31st day of March, 1822. To this class the note is said to refer. Taking this law as the expositor of the contract, it is plain that the money would have been payable in eight instalments, commencing on the 31st of March, 1822. But a difficulty is presented by the date of the note being on the 6th of May, 1822, which was subsequent to the maturity of the first instalment, and hence it is insisted that no recovery can be had, because the contract could not be performed according to the law, and that the averments in the declaration, that the first instalment became due on the 31st March, 1822, are contradictory and repugnant to the contract. To this objection there are two answers, either of which may be adopted. First. The contract was executory, and may be considered with propriety, in reference to the instalments or times of payment fixed by the law, that these had to transpire, rejecting that time fixed for the first payment as inapplicable. Second. The first instalment may be treated as an absolute promise to pay immediately, an impossible time being fixed for payment. It is often difficult to discover the reasons and designs of contracting parties, but whenever their contracts are susceptible of a legal interpretation by which they can be enforced, such interpretation must prevail. In this particular case we may be at a loss to perceive why the note was so framed, but we cannot be at a loss to discover by the aid of the law referred to, that all of the money became due in 1829, and that the plaintiff below had a good cause of action.

It is also said that the consideration expressed in this note de-

feats it, by showing that it was a debt due to the United States for land. The language is, "it being for the public money due on a half section of land." I do not infer from this that the money was not due to the payee. It is difficult to perceive why it was so expressed, but still it must be regarded as sufficient, for this reason; it was not necessary to express the consideration at all, and having expressed it in such terms as do not show that none passed, or that it existed between different parties, there can be no foundation for the position assumed.

It is further said that a jury should have been called to assess the damages, but this objection is also untenable. The whole contract taken together was an absolute promise to pay, without condition or contingency, a certain sum of money. This brings it clearly within the law of promissory notes. The times of payment were fixed by reference to the law; interest was to be paid if the instalments were not punctually paid, and in all things it comes within the statute which authorises the clerk to ascertain the amount due.

The judgment must be affirmed.